IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JUDY KAY MISKELL          :
                          :
v.                        :     CIVIL NO. CCB-16-1460
                          :
HARRY L. CHASE, ET AL.    :

...o0o...

**MEMORANDUM**

Judy Miskell, representing herself, once again has filed suit in this court relating to the Maryland Health Claims Alternative Dispute Resolution Office ("HCADRO") handling of a malpractice claim relating to the death of her husband in 2010.[1] This complaint names as defendants Harry Chase, Director of the HCADRO, and William Haugh, Jr., an assigned arbitrator. The defendants have filed a motion to dismiss, which has been fully briefed. No oral argument is necessary. *See* Local Rule 105.6 (D. Md. 2016). The motion will be granted.

The procedural history of this case and Mrs. Miskell's prior complaints have been thoroughly outlined by the defendants and need not be repeated here. As the defendants correctly argue, Mrs. Miskell has failed to state a claim. She attempts to bring suit primarily under 42 U.S.C. § 1983 alleging violations of the First, Fifth, and Sixth Amendments, but she states no facts that would support such claims. Essentially, she disagrees with actions Mr. Chase and Mr. Haugh were entitled to take in dismissing her claims against the doctor because she had failed to file a certificate of a qualified expert as required by Maryland law. No plausible statement of a constitutional violation can be found in the facts she has alleged. *See Francis v. Giacomelli*, 588 F.3d 186, 194 (4th Cir. 2009).

Further, the defendants persuasively argue that they are entitled to absolute quasi-judicial immunity. Their functions, responsibilities, and procedural safeguards are similar to those

---

[1] Her prior cases are CCB-12-742 and CCB-15-19.

1

outlined by the Supreme Court in establishing such immunity for persons performing adjudicatory functions within federal agencies. *See Butz v. Economou*, 438 U.S. 478, 513–14 (1978); *Ostrzenski v. Seigel*, 177 F.3d 245, 148–51, 253 (4th Cir. 1999); *Odyniec v. Schneider*, 322 Md. 520, 588 A.2d 786, 792 (1991). And even if the Maryland statute providing immunity to arbitrators "in the absence of an affirmative showing of malice or bad faith," Md. Code Ann., Cts. & Jud. Proc. § 5-615; § 3-2A-04(g), is applicable, Mrs. Miskell has alleged no facts in her complaint to support any such showing.

   Accordingly, the defendants' motion will be granted by separate Order.[2]


October 20, 2016                      /S/
Date                             Catherine C. Blake
                              United States District Judge

---

[2] I do not need to reach the statute of limitations issue.